UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRA NOVA SCIENCES, LLC AND ELAN YOGESWAREN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION H-10-844 |
| JOA OIL AND GAS HOUSTON, et al. | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiffs' motion to remand. Dkt. 9. After considering the parties' arguments, the appropriate evidence, and the applicable law, the motion is DENIED for the reasons set forth below. Additionally, the claims against defendant JOA Oil and Gas Houston, LLC are DISMISSED.

**I. BACKGROUND**

Plaintiffs Terra Nova Sciences, LLC ("Terra Nova") and Elan Yogeswaren developed a geomechanics solution to maximize yields for natural gas and oil reservoirs. Dkt. 1., Ex. A. The plaintiffs claim that this solution contained many original and proprietary elements. *Id.* Yogeswaren engaged in discussions with defendants about the possibility of the parties collaborating to develop software using this solution.[1] *Id.* To further these discussions, Yogeswaren revealed proprietary information to the defendants in the form of detailed business plans and other

---

[1] In the original state petition, plaintiffs name the following defendants: JOA Oil and Gas Houston, LLC; JOA Oil and Gas, LLC; JOA Software and Services, LLC; Jewelsuite.com, LLC; Terrascale Technology, LLC; Lee Morris Taylor; and Bob Rundle. According to the JOA defendants, there is no entity named JOA Oil and Gas, LLC and they assume the plaintiffs mean JOA Oil and Gas, B.V., a Dutch company. Also, there is no entity named Jewelsuite.com LLC.

Additionally, as it is not clear from the state petition which of the named defendants were involved in the discussions with Yogeswaren about possibly collaborating, the generic term "defendants" is used throughout this opinion.

documents. *Id.* The defendants ultimately decided not to pursue a relationship with the plaintiffs. *Id.* Subsequently, plaintiffs contend, defendants enhanced their existing Jewelsuite software with a geomechanics solution remarkably similar to the one developed by the plaintiffs. *Id.* Upon belief that the defendants are using the plaintiffs' trade secrets to enhance Jewelsuite, plaintiffs filed suit in the 152nd Judicial District Court of Harris County, Texas, alleging fraud, theft of trade secrets, breach of fiduciary duty, and quantum meruit/unjust enrichment.[2] *Id.*

The defendants removed this case to federal court on the grounds that the sole Texas defendant, JOA Oil and Gas Houston, LLC ("JOA Houston"), is improperly joined because the plaintiffs have no possibility of recovery against the company. Dkt. 1 at 2. In response, plaintiffs filed a motion to remand. Dkt. 9.

## II. ANALYSIS

Defendants allege that JOA Houston was improperly joined in an attempt to defeat diversity and that plaintiffs have no possibility of recovering against the company, specifically because JOA Houston did not exist at the time the events in question took place. Dkt. 1 at 2–3. Plaintiffs, however, contend that Texas law recognizes a claim of quantum meruit against a company not yet in existence at the time of the events that form the basis of a lawsuit and therefore the case should be remanded to state court. Dkt. 9 at 6. In the alternative, plaintiffs ask the court for the opportunity to conduct limited discovery. *Id.* at 11.

*1.    The Law*

To establish subject-matter jurisdiction predicated on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00.

---

[2]Only the claim of quantum meruit appears to be brought against JOA Houston. *See* Dkt. 9.

28 U.S.C. § 1332. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). As the removing parties, defendants bear the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S. Ct. 278 (1914); *see also Smallwood*, 385 F.3d at 574.

Defendants can establish improper joinder in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis*, 326 F.3d at 646–47). Because the parties do not dispute the accuracy of the jurisdictional facts, the latter is the proper inquiry. The court should not focus on the *probability* that the plaintiff will prevail on the merits against the non-diverse defendant. Rather, the court seeks only a reasonable *possibility* of recovery against the non-diverse defendant. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed [improper], *unless* that showing compels dismissal of *all defendants*." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis in original). In the present case, the appropriate inquiry is whether plaintiffs have alleged sufficient facts to support any of the claims against JOA Houston. If the plaintiffs have failed to state a valid claim against JOA Houston, then the court must apply the "common defense" rule to determine whether the insufficiency likewise disposes of all defendants. If so, remand is proper. *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 574.

3

The Fifth Circuit, in *Smallwood v. Illinois Central Railroad Co.*, endorsed a Rule 12(b)(6)-type inquiry as the preferred method of determining whether joinder is proper. *Smallwood*, 385 F.3d at 573. Under the Rule 12(b)(6)-type inquiry, "a complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jamarillo v. City of McAllen, Texas*, 306 Fed. Appx. 140, 143 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.*

The *Smallwood* court further acknowledged that in some cases discrete facts will be missing from the plaintiff's pleading, thus making a summary inquiry useful. *Id.* In these cases, the court, at its discretion, may pierce the pleadings and conduct a summary judgment-type inquiry. *Id.*; *Hornbuckle*, 385 F.3d at 542 (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980)). Thus, the inquiry no longer centers on the plaintiff's state court petition, but rather on the record as a whole and summary judgment evidence offered by the parties. *Id.* "All disputed issues of fact and any ambiguities of state law must be resolved in the [plaintiff's] favor." *Smith v. Petsmart, Inc.*, No. 06-60497, 2008 WL 2062257, at *2 (S.D. Tex. May 15, 2008) (citing *Travis*, 326 F.3d at 649).

### 2. *Quantum Meruit Claim Against JOA Houston*

Plaintiffs contend that there is a reasonable basis to believe they might recover against JOA Houston in quantum meruit. Dkt. 9 at 7. To recover in quantum meruit, a plaintiff must show that: "(1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged

4

that the plaintiff in performing such services was expecting to be paid by the person sought to be charged." *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990) (citations omitted). Because the plaintiffs' original petition lacks discrete facts to support a quantum meruit claim against JOA Houston, a summary judgment-type inquiry is appropriate in this case.

JOA Houston was formed in March 2008—six months after the defendants broke off negotiations with the plaintiffs. Dkt. 27 at 5. Defendants, therefore, contend that plaintiffs will never be able to recover against JOA Houston in quantum meruit because three of the required elements can never be met. Dkt. 27 at 8. First, since JOA Houston did not exist at the time of the events that form the basis of this lawsuit, plaintiffs cannot show that the services were rendered for the "party sought to be charged.." *Id.* at 9. Second, without being in existence, JOA Houston could not have accepted the services provided. *Id.* at 10. And third, as JOA Houston was not yet in existence, plaintiffs cannot show that JOA Houston accepted the services in a manner that would have put them on notice that plaintiffs expected to be paid. *Id.* Plaintiffs, however, argue that Texas courts have recognized that a party can recover in quantum meruit against an entity that did not exist when the valuable services were provided. *Id.*

Plaintiffs cite *Johnston v. Kruse*, 261 S.W.3d 895 (Tex. App.—Dallas 2008, no pet.), in support of this assertion. The case, however, does not directly address this issue. Rather, the focus of the opinion is on whether the plaintiff could survive a no-evidence motion for summary judgment, and only in passing does the court reference the fact that the entity may not have existed at the time the events took place. *Id.* at 901–02. Assuming, however, that *Johnston* does stand for the proposition that under Texas law a plaintiff can recover in quantum meruit from a yet unformed entity, the available evidence makes clear that plaintiffs in this case do not have a possibility of recovering in quantum meruit against JOA Houston. The affidavits provided by defendants state

5

that JOA Houston is a wholly owned subsidiary of co-defendant JOA Oil and Gas, B.V. Dkt. 27, Exs. A, B. JOA Houston does not derive any profits nor any revenue from the sale of the Jewelsuite software. *Id.* Instead, all sales of the Jewelsuite software are invoiced by and the monies paid to JOA Oil and Gas, B.V. *Id.* Furthermore, none of the individuals who interacted with the plaintiffs during the negotiation period is employed by JOA Houston. *Id.* Plaintiffs argue that defendants mentioned during negotiations that they planned to open a Houston office and the fact that the Houston office is now open is evidence that JOA is a beneficiary of the services provided. In light of the other evidence, however, this is unavailing. Any quantum meruit claim the plaintiffs might have would appear to be against the other JOA defendants and not JOA Houston. Without some evidence of a distinct benefit to JOA Houston or a concrete link between that entity and the events that took place, it does not appear there is a reasonable possibility that plaintiffs could recover in quantum meruit against JOA Houston.

Plaintiffs request in the alternative to remand that the court allow them to conduct limited discovery with respect to JOA Houston's formation and current business activities. Dkt. 9 at 11. However, in light of the very clear affidavits of the defendants, it is difficult to see what purpose this will serve.

### 3. "Common Defense" Rule Analysis

Having determined that plaintiffs have failed to state a valid claim against JOA Houston for the purposes of the improper joinder inquiry, the court now turns to the "common defense" inquiry required by *Smallwood*. According to the Fifth Circuit in *Smallwood*, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder." *Smallwood*, 385 F.3d at 574. In that event, remand is proper. *Id.* In the present case, only JOA Houston did not exist during the

events that form the basis of this lawsuit. Thus, JOA Houston's defense does not equally dispose of all of the plaintiffs' claims against the remaining defendants and the principle in *Smallwood* is, therefore, inapplicable. *Rainwater v. Lamar Life Ins. Co.*, 391 F.3d 636, 638 (5th Cir. 2004); *see also Wingate v. Air Products Inc.*, 166 Fed. Appx. 98, 101 (5th Cir. 2006); *Lakewood Chiropractic Clinic v. Traveler's Lloyd Ins. Co.*, No. H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009).

### III. CONCLUSION

The court finds that JOA Oil and Gas Houston, LLC was improperly joined as a defendant and the common defense principle in *Smallwood* is inapplicable. Thus, plaintiffs' motion to remand is DENIED. Furthermore, the claims against JOA Oil and Gas Houston, LLC are DISMISSED.

It is so ORDERED.

Signed at Houston, Texas on May 10, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY