**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TERRA NOVA SCIENCES, LLC AND | § | |
| ELAN YOGESWAREN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-844 |
| | § | |
| JOA OIL AND GAS HOUSTON, et al. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant Bob Rundle's motion to dismiss for lack of personal

jurisdiction (Dkt. 23), motion to dismiss for improper venue (Dkt. 24), and motion to dismiss for

failure to state a claim (Dkt. 25).  After considering the motions, responses, and the applicable law,

the motions for lack of personal jurisdiction and improper venue are DENIED for the reasons set

forth below.  Additionally, the defendant's motion to dismiss for failure to state a claim is

GRANTED and plaintiffs' fraud claim is DISMISSED WITHOUT PREJUDICE and plaintiffs are

GRANTED leave to file a second amended complaint to replead the fraud claim.

**BACKGROUND**

Plaintiffs, Terra Nova Sciences, LLC ("Terra Nova") and Elan Yogeswaren developed a

geomechanics solution to maximize yields for natural gas oil reservoirs.  Dkt. 1, Ex. A.  The

plaintiffs claim that this solution contained many original and proprietary elements. *Id*. Yogeswaren

engaged in discussions with defendants about the possibility of the parties collaborating to develop

software using this solution.[1]  *Id*.  To further these discussions, Yogeswaren revealed proprietary

information to the defendants in the form of detailed business plans and other documents. *Id*.

Defendants used plaintiffs' proprietary algorithms at an industry conference to gauge industry

interest in the software. Dkt. 12 at 8.  The plaintiff's software was well received at the conference,

and defendants consequently expressed their desire to move forward with the project immediately.

*Id*. at 10. The defendants, however, ultimately decided not to pursue a relationship with the plaintiffs.

*Id*.  Subsequently, plaintiffs contend, defendants enhanced their existing Jewelsuite software with

a geomechanics solution remarkably similar to the one developed by the plaintiffs. *Id*. at 11.

Upon belief that the defendants are using the plaintiffs' trade secrets to enhance Jewelsuite,

plaintiffs filed suit in the 152nd Judicial District Court of Harris County, Texas, alleging fraud, theft

of trade secrets, breach of fiduciary duty, and quantum meruit/unjust enrichment. Dkt. 1, Ex. A.  The

plaintiff's claim against Rundle, however, was only for fraud.  Dkt. 12 at 25.  The suit was removed

to the United States District Court for the Southern District of Texas on the basis of diversity.

## ANALYSIS

Defendant Rundle now moves this court to dismiss for lack of personal jurisdiction, pursuant

to Federal Rule of Civil Procedure 12(b)(2). Alternatively, Rundle seeks to dismiss for improper

---

[1] In the original state petition, plaintiffs name the following defendants: JOA Oil and Gas Houston, LLC; JOA Oil and Gas, LLC; JOA Software and Services, LLC; Jewelsuite.com, LLC; Terrascale Technology, LLC; Lee Morris Taylor; and Bob Rundle. According to the JOA defendants, there is no entity named JOA Oil and gas, LLC and they assume the plaintiffs mean JOA Oil and Gas, B.V., a Dutch company. Also, there is no entity named Jewelsuite.com LLC.

Additionally, as it is not clear from the state petition which of the named defendants were involved in the discussions with Yogeswaren about possibly collaborating, the generic term "defendants" is used throughout this opinion.

venue and failure to state a claim for which relief can be granted, pursuant to Federal Rules of Civil

Procedure 12(b)(3) and 12(b)(6), respectively.

**A. Personal Jurisdiction under Fed. R. Civ. P. 12(b)(2)**

*1. Standard of Review*

In a diversity action, a federal court may exercise personal jurisdiction over a nonresident

defendant if: (1) the long-arm statute of the forum state allows the exercise of personal jurisdiction

over that defendant; and (2) the exercise of personal jurisdiction over that defendant is consistent

with due process under the U.S. Constitution. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th

Cir. 2009). The two-step personal jurisdiction inquiry collapses into one federal due process analysis

because the Texas long-arm statute extends to the limits of federal due process. *Johnston v.

Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "To satisfy the requirements of due

process, the plaintiff must demonstrate: (1) that the non-resident purposely availed himself of the

benefits and protections of the forum state by establishing 'minimum contacts' with the state; and

(2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial

justice.'" *Mullins*, 564 F.3d at 398 (internal quotations omitted).

"Jurisdiction may be general or specific." *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476,

484 (5th Cir. 2008). General jurisdiction exists when a defendant's contacts with the forum state

are "continuous and systematic." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th

Cir. 1993); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). The

"continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts

between a defendant and a forum." *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)(citation omitted).  The Fifth Circuit imposes a high standard when ruling on general jurisdiction issues.  *Johnston*, 523 F.3d at 611 (illustrating the difficulty of proving general jurisdiction).

A forum state may exercise specific jurisdiction over a nonresident defendant "when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Allred v. Moore & Peterson*, 117 F.3d 278, 286 (5th Cir. 1997).  The court considers whether the defendant has purposefully availed himself of the laws of the forum state and could reasonably anticipate being sued there.  *Burger King v. Rudzewicz*, 471 U.S. 462, 481–82, 105 S. Ct. 2174 (1985).  A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted. *Ruston*, 9 F.3d at 419.  The Fifth Circuit has held that when the actual content of communications with the forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.  *Lewis v. Fresne*, 252 F.3d 352, 358–59 (5th Cir. 2001).

### *2. Analysis*

Plaintiffs allege they were defrauded by Rundle during the preliminary negotiations to incorporate plaintiffs' geomechanics solution into the computer software. Dkt. 25.  During these negotiations, plaintiffs and Rundle communicated via e-mail and phone conversations. *Id*.  Rundle also made approximately two trips to Texas relating to the incorporation of plaintiffs' solutions into the software. Dkt. 23 at 6.  The first visit was to Kenda Capital in Houston to raise funding for the

4

plaintiffs. The second visit was for a reservoir simulation seminar where Rundle and plaintiff

Yogeswaren met over lunch. *Id.*

Rundle maintains that he never intended to subject himself to Texas jurisdiction because he

had no purposeful contacts with Texas. Dkt. 23 at 2.  The only contacts he had with the plaintiffs

were approximately seven e-mail communications and two meetings in Houston. *Id.* at 7.  Rundle

also contends that the court's assumption of jurisdiction over him will offend fair play and

substantial justice.  Dkt. 23 at 9.  Because Rundle lives and works in New Mexico, he avers it would

be too burdensome and inconvenient to force him into litigation in Texas, and would be inconsistent

with due process of law. *Id.*

Plaintiffs argue that the Texas long-arm statute authorizes jurisdiction over a non-resident

defendant if the defendant commits a tort "in whole or in part in this state." TEX. CIV. PRAC. & REM.

CODE 17.042(2).  The fraud claim arose from Rundle's business relationship with the plaintiffs, and

is the source of all of the plaintiffs' claims against Rundle.  The plaintiffs allege that Rundle made

a false representation, through e-mail and telephone communications, that JOA would develop

software with the plaintiffs' geomechanics solution. Dkt. 12 at 25.  Moreover, the plaintiffs contend

that Rundle never intended to enter in a business relationship with them, but rather sought to

discover how the plaintiffs' solution worked in order to develop the software independently.  *Id.*

Plaintiffs further maintain that Rundle had sufficient minimum contacts with Texas because between

November 2006 through October 2007, both the plaintiffs and Rundle were involved in

approximately forty-eight emails, and at least five phone conversations—not the seven e-mails

Rundle claims occurred. Dkt. 33-1. Plaintiffs maintain that Rundle has the burden to prove that the forum is unfair, and that Rundle has failed to present compelling proof that Texas is an unreasonable forum. Dkt. 32 at 6. According to the plaintiffs, Rundle has consented to Texas jurisdiction by engaging in fraudulent communications with a Texas resident. Dkt. 32 at 6.

The court finds that it has specific jurisdiction over Rundle for the plaintiffs' fraud claim. Rundle has availed himself of the benefits and protections of Texas law and should reasonably expect to face suit in Texas for claims related to his business relationship and allegedly fraudulent acts. Even if the court were to agree with Rundle that he has not established minimum contacts in Texas, as long as at least one of Rundle's communications with the plaintiffs led to the alleged fraud, then this alone constitutes purposeful availment and satisfies minimum contacts for specific jurisdiction. *Lewis*, 252 F.3d at 358-59. Because the court has specific jurisdiction over Rundle for all of the plaintiffs' claims, the court need not consider the existence of general jurisdiction. Further, Rundle has not met his burden of showing that personal jurisdiction over thim in Texas offends traditional notions of fair play and substantial justice.

Accordingly, Rundle's motion to dismiss for lack of personal jurisdiction is DENIED.

**B. Venue under Fed. R. Civ. P. 12(b)(3) and Transfer of Venue under 28 U.S.C. § 1404(a)**

### *1. Standard of Review*

Once a defendant raises the issue of improper venue under Fed. R. Civ. P. 12(b)(3), the plaintiffs have the burden to prove that the chosen venue is proper. *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002). A proper venue is established in a particular district so

long as "substantial" activities took place in that district, even if the activities in another district

happen to be "more substantial, or even the most substantial." *Texas Marine & Brokerage, Inc. v.*

*Texas Marine of Beaumont, Inc.*, 120 F. Supp. 2d 612 (E.D. Tex. 2000) (quoting *First of Michigan*

*Corp. v. Bramlet*, 141 F.3d 260, 263 n.3 (6th Cir. 1998).  "On a Rule 12(b)(3) motion to dismiss for

improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts

in favor of the plaintiff." *Braespetro Oil Servs. Co. V. Modec (USA), Inc.*, 240 F. App'x 612, 615

(5th Cir. 2007) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F. 3d 1133, 1138 (9th Cir. 2004)).  To

prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat

a plaintiff's assertion of venue. *Id.*

However, when venue is proper in a given district, a court may transfer the case to another

appropriate forum "[f]or the convenience of parties and witnesses, in the interest of justice." 28

U.S.C. § 1404(a). Under Section 1404(a), the court "must make an 'individualized, case-by-case

consideration of convenience and fairness.'" *Id.* (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22,

29, 108 S. Ct. 2239 (1988)).  The court's inquiry is two-prong.  First, the court must determine if the

transferee court, as specified by the movant, is one in which the case originally could have been

brought.  Second, the court must determine whether the convenience of the parties and witnesses and

the interest of justice require that the case be transferred.  *In re Horseshoe Entm't*, 337 F.3d 429, 433

(5th Cir. 2003).  To do this, the court "weigh[s] in balance a number of case-specific factors".  *Id.*

Consideration is also given to "the convenience of the witnesses and those public-interest factors of

systemic integrity and fairness under the heading of 'the interest of justice." *Id*; *see also In re*

*Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008)("*Volkswagen II*") (adopting private and public interest factors in analyzing motions under § 1404(a)).  No one factor is given dispositive weight. *In Re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201, 203 (5th Cir. 2004).  The burden rests with the movant to demonstrate that transfer is proper. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

### *2. Analysis*

Plaintiffs argue that venue is proper in the Southern District of Texas because a substantial part of the events giving rise to their claim occurred in Texas. Dkt. 33 at 5.  The plaintiffs allege that their geomechanics software was developed in Texas, meetings to obtain funding from Kenda Capital were held in Texas, and they were ultimately defrauded via phone and email in Texas. Dkt. 33 at 6.  For instance, Rundle traveled to Texas in order to obtain funding from Kenda Capital, he sent e-mails and made phone calls to the plaintiffs in Texas, and allegedly made fraudulent statements to plaintiffs.  *Id.*  Rundle, however, contends that venue is improper and this case should be dismissed because a "substantial part" of the events giving rise to the plaintiffs' claim against Rundle took place in New Mexico, not in the Southern District of Texas.  Dkt. 24 at 2.  The court finds that the Southern District of Texas is the proper venue for this case, and that the plaintiffs have met their burden to show that a substantial part of the events giving rise to their claim occurred in Texas.

Before a venue transfer is considered, the court must determine whether the case could have been brought originally in the District of New Mexico.  A diversity action may be brought in a

8

judicial district (1) where any defendant resides, if all defendants reside in the same state; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; (3) or where any defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(a).  Even assuming Rundle's claim that a substantial part of the events took place in New Mexico is true, the balance of the private and public factors weigh in favor of keeping this case in Texas.  The documents, physical evidence, and injured parties are all located in Houston.  Neither party has alleged any non-party witnesses that may be inconvenienced by appearing in Texas court. The only inconvenience rests with the defendant himself traveling to Houston to defend his case. Dkt. 24 at 2-3.   However, it is in the best interest of judicial efficiency to keep the case in Texas because other co-defendants are located in Texas, both plaintiffs' and defendant's attorneys are located in Houston, and the case is already pending in this Court.  Dkt. 33 at 11.  The State of Texas has a strong interest in this case; New Mexico has a limited interest.

The plaintiffs have met their burden to show that Texas is the proper venue for this case, and Rundle has not met his burden to demonstrate that transfer to New Mexico is warranted.  For the reasons set forth above, Rundle's motion to dismiss and/or transfer for improper venue is DENIED.

**C. Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)**

*1. Standard of Review*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555, 127 S. Ct. 1955, 1964-1965 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994))(internal citations omitted).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id*. at 1965 (supporting facts must be plausible—enough to raise a reasonable expectation).

### 2. Analysis

Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Under Texas law, to state a claim for common-law fraud, a plaintiff must allege that the defendant made "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury."  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008) (quoting *Johnson & Johnson Med., Inc.*

*v. Sanchez*, 924 S.W.2d 925, 929-30 (Tex. 1996)).  The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id*. (quoting *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)).  As such, Rule 9(b) requires the complaint to "set forth 'the who, what, when, where, and how' of the events at issue." *Id*. (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).  However, states of mind such as malice, intent or knowledge may be averred generally. *Id*. (citing Fed. R. Civ. P. 9(b)).

The court agrees with Rundle that plaintiffs have failed to state their fraud claim with the particularity required under Fifth Circuit precedent and Rule 9(b).  Plaintiffs' fraud claim includes merely a reference to the facts section of the complaint and an allegation that Rundle's conduct constituted fraud and caused damage to plaintiffs.  This does not meet the requirements of Rule 9(b).  However, this pleading defect may easily be remedied if the plaintiffs amend their complaint and plead their fraud claim with the appropriate level of detail.

Accordingly, plaintiffs' claim of fraud against Rundle is DISMISSED WITHOUT PREJUDICE and plaintiffs are GRANTED leave to file a Second Amended Complaint and replead their fraud claim.

### CONCLUSION

Considering the law and evidence presented, the court DENIES defendant's motion to dismiss for lack of personal jurisdiction and DENIES defendant's motion to transfer venue.  The court DISMISSES WITHOUT PREJUDICE plaintiffs' cause of action for fraud and GRANTS plaintiffs leave to file a Second Amended Complaint to replead their fraud claim..

It is so ORDERED.

Signed at Houston, Texas on June 30, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY